UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BENNIE GRAY,<br>Plaintiff, | :<br>:<br>: | |
| v. | :<br>: | No. 3:22-cv-1607 (MPS) |
| CARLETON J. GILES, et al.,<br>Defendants. | :<br>:<br>:<br>: | |

## INITIAL REVIEW ORDER

Plaintiff, Bennie Gray, an inmate in the custody of the Department of Correction ("DOC") housed at Carl Robinson Correctional Institution ("Robinson"), has filed his complaint in this action *pro se* under 42 U.S.C. § 1983. Compl., ECF No. 1. He names as defendants Chairperson of the Board of Pardons and Paroles and Robinson Warden Caron. He requests only declaratory relief.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. §1915A.

Plaintiff asserts that Defendants have violated his Fourteenth Amendment procedural due process rights by not holding a hearing to determine his parole eligibility after he served fifty

percent of his sentence in accordance with Connecticut General Statutes § 54-125a. "[T]he Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 541 (1985). The Court must analyze a claim of violation of procedural due process by (1) asking whether there exists a liberty or property interest of which a person has been deprived, and (2) if so, whether the procedures followed by the State were constitutionally sufficient. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (*per curiam*). Liberty interests may arise from either the Due Process Clause itself or "from an expectation or interest created by state laws or policies." *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005).

Gray's Fourteenth Amendment procedural due process claim is not plausible because he has no protected liberty interest in a parole eligibility hearing. *See Green v. Martin*, 224 F. Supp. 3d 154, 177 (D. Conn. 2016) (holding relevant parole statute does not create a protected liberty interest in parole) (citing *Hicks v. Lantz*, No. 3:08-CV-1012MRK, 2009 WL 2869753, at *4 (D. Conn. Sept. 1, 2009) (Connecticut statutes do not create a protected liberty interest in parole for Connecticut inmates.)).[1] Accordingly, the Court dismisses Gray's Fourteenth Amendment claim as not plausible under 28 U.S.C. § 1915A(b).

**CONCLUSION**

For the foregoing reasons, the Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b). Gray may file an Amended Complaint if he can allege facts correcting the

---

[1] *But see Boyd v. Comm'r of Correction,* 199 Conn. App. 575 (2020) (holding specific language of the statute for determining parole eligibility of juvenile offenders, General Statutes  54-125a(f), vested petitioner with a cognizable liberty interest in parole eligibility status). The Court takes judicial notice of the following relevant matters of public record showing that Gray is not a juvenile offender. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC and Connecticut Judicial websites show that Gray was born in 1979 and was sentenced on July 8, 2019, to a seven year term of incarceration in connection with his drug offense on May 9, 2018. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=259596. *See* case detail for K10K-CR18-0341394-S at https://www.jud2.ct.gov.

deficiencies identified in this order. Any Amended Complaint shall be filed within **thirty days** from the date of this order. If no Amended Complaint is filed within the time specified, the Clerk is directed to close this case.

　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　Michael P. Shea
　　　　　　　　　　　　　　　　　　　　　United States District Judge

**SO ORDERED** this 21st day of February 2023, at Hartford, Connecticut.