UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BENNIE GRAY,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     No. 3:22-cv-1607 (MPS) |
| CARLETON J. GILES, et al.,<br>    Defendants. | :<br>:<br>:<br>: |

## INITIAL REVIEW ORDER RE: AMENDED COMPLAINT

Plaintiff, Bennie Gray, an inmate in the custody of the Department of Correction ("DOC") housed at Carl Robinson Correctional Institution ("Robinson"), commenced this civil rights action as a *pro se* plaintiff. Compl., ECF No. 1. In his original complaint, Plaintiff asserted a Fourteenth Amendment procedural due process claim against Connecticut Board of Pardons and Paroles Chairperson Giles and Robinson Warden Caron for failing to hold his parole eligibility hearing after he served fifty percent of his sentence in accordance with Connecticut General Statutes § 54-125a. On February 21, 2023, the court dismissed Plaintiff's complaint for failure to state a plausible Fourteenth Amendment procedural due process violation. IRO, ECF Nos. 9. The court afforded Plaintiff the opportunity to file an amended complaint within thirty days of its order dismissing the case. On March 13, 2023, Plaintiff filed an amended complaint against Chairman Giles, Warden Caron, and Parole Officer Tricia Truscello in their individual and official capacities.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss a complaint, or

any portion of a complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the amended complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. §1915A.

**DISCUSSION**

When he was transferred to Robinson in September 2022, Plaintiff had a parole eligibility date of July 28, 2022. To the extent Plaintiff claims a Fourteenth Amendment procedural due process violation based on a failure to hold his parole eligibility hearing, Plaintiff has not corrected the deficiencies of his prior complaint. Accordingly, the court dismisses such claim as not plausible for the reasons previously stated in its prior initial review order. *See* ECF No. 9; 28 U.S.C. § 1915A(b).

Plaintiff's amended complaint alleges additional facts that raise concerns about First Amendment retaliation and Fourteenth Amendment Equal Protection violation. The court briefly summarizes these facts as follows.

Plaintiff wrote to Parole Officer Truscello about the date for his interview and parole eligibility hearing before the Board of Pardons and Paroles. He was informed that he would be seen as soon as he resolved a matter pending in New London Superior Court. In October 2022, Plaintiff received a sentence of time served for his misdemeanor matter at New London Superior Court.

In early January 2023, Plaintiff wrote a grievance against Parole to complain about being treated differently from other inmates. Thereafter, Plaintiff was called to the Robinson property area, where he saw Parole Officer Truscello holding his grievance. She informed him that he

could not grieve her. After Plaintiff explained he was past his date for a parole hearing, she became visibly upset with him and left.

Two weeks later, Plaintiff received a letter from Parole Officer Truscello that informed him that he would not have a hearing prior to May 2023 and that she would not meet with him until some time close to May. May 2023 is approximately one year past Plaintiff's parole eligibility date (including application of Risk Reduction Earned Credit).

As of the date he filed his amended complaint, Plaintiff had yet to receive either an interview or a parole eligibility hearing despite writing to Parole Officer Truscello. Other inmates have been called for their parole hearings prior to their 50% sentence completion date or shortly thereafter. Douglas Wiggins had a parole eligibility date of March 10, 2023, and his hearing was held on March 3, 2023. Shawn Gonzales is similar to Plaintiff because he had his sentenced modified to "put him past his parole date," and he has a scheduled parole eligibility hearing date for April 2023.

**Fourteenth Amendment**

The Equal Protection Clause of the Fourteenth Amendment protects individuals from invidious discrimination. It does not mandate identical treatment for each individual or group of individuals. Instead, it requires that similarly situated persons be treated the same. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985). To state an equal protection claim, a plaintiff must allege facts showing that: (1) he was treated differently from similarly situated individuals and (2) that the difference in or discriminatory treatment was based on "'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10

3

(2d Cir. 1980)). Plaintiff has not alleged a plausible that he has been treated differently from similarly situated inmates based any of these impermissible considerations.

Plaintiff may, however, still assert an equal protection violation on the basis of a theory that he has been irrationally singled out as a "class of one." *Engquist v. Or. Dep't of Agric.,* 553 U.S. 591, 601 (2008). Under a class of one theory, "the level of similarity" between Plaintiff and his comparators "must be extremely high." *Hu v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019) (internal quotation marks and citation omitted).

For initial pleading purposes, Plaintiff plausibly alleges that he is being treated differently without a rational reason from other similarly situated inmates who have received timely parole hearings. The court will permit Plaintiff to proceed for damages on his Fourteenth Amendment equal protection claim against Parole Officer Truscello, who is the only defendant alleged to be personally involved in this equal protection violation. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (to "hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability.").

The court must dismiss any Fourteenth Amendment equal protection claims for damages against Board of Pardons and Paroles Chairman Giles and Robinson Warden Caron as Plaintiff has not alleged facts to reflect their personal involvement in this constitutional violation.

**First Amendment**

The Second Circuit has "instructed district courts to approach prisoner retaliation claims with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—

can be characterized as a constitutionally proscribed retaliatory act." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (citation omitted).

To plead a First Amendment retaliation claim, an inmate must plausibly allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against [him or her], and (3) that there was a causal connection between the protected speech and the adverse action." *Brandon v. Kinter*, 938 F.3d 21, 40 (2d Cir. 2019) (citation omitted).

Plaintiff has satisfied the first element of his retaliation claim because filing a grievance is a protected activity. *See Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (filing a lawsuit or grievance is constitutionally protected activity and will support a retaliation claim). He plausibly alleges the element of adverse action because a delay in his parole release may be sufficiently adverse to deter an inmate of ordinary firmness from exercising his right to speech. *See Burns v. Martuscello*, 890 F.3d 77, 93-94 (2d Cir. 2018). Plaintiff's allegations satisfy the causation element because Parole Officer Truscello allegedly imposed further delay for his parole hearing only two weeks after she reviewed his grievance. *See Tucker v. Genego*, No. 3:19-CV-2014(AWT), 2023 WL 122131, at *2 (D. Conn. Jan. 6, 2023) (noting temporal proximity between the protected activity and the alleged retaliatory act can support causation). Thus, Plaintiff may proceed against Parole Officer Truscello in her individual capacity for First Amendment retaliation.

The Court will dismiss any First Amendment retaliation claims for damages against Defendants Chairman Giles and Warden Caron because Plaintiff has not alleged any facts reflecting their personal involvement in this constitutional violation.

**Official Capacity Claims**

Plaintiff asserts his claims against Defendants in their official capacities. He seeks a declaratory judgment but otherwise his request for official capacity relief is unspecified. To the extent Plaintiff seeks money damages against the defendants, who are state employees, in their official capacities, such claims are dismissed as barred by the Eleventh Amendment. *See, e.g. Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Plaintiff may, however, proceed for relief against a defendant in his or her official capacity to the extent he alleges an ongoing constitutional violation. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254-55 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)). Plaintiff plausibly alleges an ongoing Fourteenth Amendment equal protection violation and ongoing First Amendment retaliation in connection with his delayed parole hearing. Thus, the court will permit Plaintiff to proceed for official capacity relief against Parole Officer Truscello and Chairman Giles. *See Ex parte Young*, 209 U.S. at 157 (defendant official must have some connection with enforcement of allegedly unconstitutional act).

**ORDERS**

For the foregoing reasons, the court enters the following orders:

(1) Plaintiff may proceed (a) on his Fourteenth Amendment Equal Protection Clause claim against Parole Officer Trisha Truscello in her individual and official capacities and against Chairman Carleton Giles in his official capacity; and (b) on his First Amendment retaliation claims against Parole Officer Truscello in her individual capacity and official capacities and against Chairman Giles in his official capacity.

Plaintiff's Fourteenth Amendment procedural due process claims are DISMISSED as not plausible. All claims against Chairman Giles in his individual capacity are DISMISSED as not plausible. All claims against Warden Caron in her individual and official capacities are DISMISSED.

6

The clerk is instructed to **REOPEN** this matter.

(2) The clerk is instructed to mail a waiver of service of process request packet containing the amended complaint to Parole Officer Trisha Truscello, 285 Shaker Road, Enfield, CT 06082, within **twenty-one (21) days** of this Order, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If Defendant Truscello fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on Defendant, and Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshals Service. The U.S. Marshals Service is directed to effect service of the amended complaint and this Order on Parole Officer Truscello and Board of Pardons and Paroles Chairman Giles in their official capacities at the Office of the Attorney General, Mackenzie Hall, 110 Sherman Street, Hartford, CT 06105, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(4) The clerk shall send a courtesy copy of the amended complaint and this Order to the DOC Office of Legal Affairs and to the Office of the Attorney General.

(5) The Defendants shall file a response to the amended complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the Defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. The Defendants may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within **six months (180 days)** from the date of this Order. Discovery requests need not be filed with the Court.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(8) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the Defendants or defense counsel of his new address.

(11) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L.

Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

                                               /s/_____
                                             Michael P. Shea
                                             United States District Judge

      **SO ORDERED** this __10__ day of ___April___ 2023, at Hartford, Connecticut.